UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
:
:
TAKEDA PHARMACEUTICAL CO,    :
LIMITED, et al.    :
:
      Plaintiff,    :    Civil Action No. 10-1723 (JAP)
:
v.    :
:    **ORDER**
ZYDUS PHARMACEUTICALS    :
USA INC., et al.    :
:
:
      Defendant.    :
_____:

    Presently before the Court is a motion by defendants Zydus Pharmaceuticals USA, Inc and Cadila Healthcare, Limited (together, "Defendants") for reconsideration of a portion of the Court's October 15, 2011 claim construction Order and Opinion. Specifically, the motion is directed to the Court's construction of two disputed claim terms found in U.S. Patent No. 6,328,994 (the "'994 patent") and U.S. Patent No. 7,431,942 (the "'942 patent"). The Court construed the term "fine granules having an average particle diameter of 400 μm or less" in the '994 patent to mean "fine granules up to and including the enteric coating layer having an average particle diameter of 400 μm (±10%) or less," and construed the term "average particle diameter of ... 300 to 400 μm" in the '994 patent and '942 to mean "average particle diameter of 300 to 400 μm (±10%)."

    Reconsideration is an extraordinary remedy that is normally appropriate only when one of the following three grounds for relief is established: "(1) 'an intervening change in the

controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.' " *Carmichael v. Everson*, Civ. No. 03–4787, 2004 WL 1587894, *1 (D.N.J. May 21, 2004) (quoting *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216, 1220 (D.N.J.1993); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).  The party seeking reconsideration bears a heavy burden, and cannot merely "restate arguments which the court has already considered" or assert a disagreement with the Court's decision.  *Tormasi v. Hayman*, Civ. No. 08–05886, 2011 WL 890676, at *14 (D.N.J. Mar. 14, 2011).  *See also G–69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J.1990); *Carteret Savings Bank, F.A. v. Shushan*, 721 F.Supp. 705, 709 (D.N.J.1989).

      Defendants here have not met their burden.  In fact, Defendants do little more than argue that the Court erred in its claim construction, and they repeat a number of arguments that had earlier been presented to and evaluated by the Court.  This simply is not sufficient.  Consequently,

      IT IS on this 25th day of January 2012

      ORDERED that Defendants' motion for reconsideration [116] is DENIED.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.