UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(609) 989-2040

CHAMBERS OF
**TONIANNE J. BONGIOVANNI**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE

402 E. STATE STREET, RM 6052
TRENTON, NJ 08608

January 26, 2012

### LETTER ORDER

Re:   **Takeda Pharmaceutical Co. Ltd, et al. v. Zydus Pharmaceuticals (USA) Inc., et al.**
      **Civil Action No. 10-1723 (JAP)**

      **Takeda Pharmaceutical Company Limited, et al. v. Mylan, Inc.**
      **Civil Action No. 11-2506 (JAP)**

Dear Counsel:

Currently before the Court are two separate, yet related, cases: Takeda v. Zydus (the "Zydus case") and Takeda v. Mylan (the "Mylan case"). Recently, Defendant in the Mylan case requested transcripts of depositions taken in the Zydus case. Plaintiff Takeda does not object to production of those deposition transcripts; however, Zydus objects and argues that those documents are protected under the parties' Discovery Confidentiality Order ("DCO") in the Zydus case. All parties, Takeda, Mylan and Zydus, participated in the January 12, 2012 telephonic conference and expressed their respective positions. Zydus also provided the Court with copies of the deposition transcripts for *in camera* review. The Court must determine whether or not the DCO in the Zydus case should be modified so that Mylan can gain access to the depositions that Zydus took of Takeda witnesses in the Zydus matter. For the reasons set forth below, modification of the DCO in the Zydus case is DENIED.

First, in making a ruling on this issue, the Court must balance the benefits of compelling production of the deposition transcripts against the harm incurred by their production. In this case, the Court finds that the harm outweighs the advantages. The information contained in the deposition transcripts provides a window into the soul of Zydus' theories and defenses. By way of the questions asked, the deposition transcripts reveal Zydus' otherwise confidential information and work product. The Court recognizes that Mylan has requested the information at issue, in part, to streamline the deposition process. However, although access to the deposition transcripts in the Zydus case may allow for more efficient depositions in the Mylan case, it will not alleviate the need for deposition of witnesses altogether.

Next, the Court finds that the information in the deposition transcripts is likely to be "generic" information to which Zydus arguably has no protectable interest. Mylan already has access to depositions of Takeda witnesses taken in yet another case, the Teva case. Thus, Mylan is able to obtain background information from those deposition transcripts and any information sought through the transcripts in the Zydus case is likely to be duplicative.

For the reasons set forth above, and in light of Zydus' proprietary and confidentiality interests, the Court will not alter the parties' DCO and compel the production of the deposition transcripts in question.

**IT IS SO ORDERED.**

    s/ Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**United States Magistrate Judge**