**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

200 KIMBALL DRIVE

PARSIPPANY, NEW JERSEY 07054

(973) 503-5900

NEW YORK, NY
WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(973) 503-5950
www.kelleydrye.com

DIRECT LINE: (973) 503-5924
EMAIL: vrao@kelleydrye.com

January 27, 2012

**Via ECF and FedEx**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

Re:   *Takeda Pharmaceutical Company Limited, et al. v. Zydus Pharmaceuticals (USA) Inc. et al.*
      **Civil Action No. 3:10-CV-01723-JAP-TJB**

Dear Judge Bongiovanni:

    We are counsel to Zydus Pharmaceuticals (USA) Inc. and Cadilia Healthcare Limited (collectively "Zydus"). We write to provide Zydus' preliminary response to the January 27, 2012 letter submitted to the Court by Plaintiffs' counsel requesting that the Court strike certain portions of Zydus' January 17, 2012 Expert Report (hereinafter "Plaintiffs' Letter").

    Following the close of fact discovery, Zydus' counsel informed Plaintiffs' counsel that Zydus would be moving for leave to amend certain of its Operative Invalidity and Non-infringement Contentions. On January 25, 2012 Counsel for Plaintiffs contacted Zydus' counsel by telephone regarding the exact issue raised in Plaintiffs' Letter. During the ensuing telephone discussion, Zydus' counsel informed Plaintiffs' counsel that Zydus was going to move to amend its operative Invalidity and Non-infringement Contentions to address, among other things, the issue raised in Plaintiffs' Letter. Zydus' counsel indicated that Zydus would provide Plaintiffs' counsel with a redline copy of Zydus' proposed amendments prior to Zydus filing its motion to amend in order to determine whether the amendments could be made by consent. Zydus' counsel further indicated that Zydus would seek to provide Plaintiffs' counsel with the aforementioned redline by January 27, 2012.

    Zydus' intends to respond to Plaintiffs' Letter, which, to the extent it seeks affirmative relief is procedurally infirm, and to file a Motion to Amend its Invalidity and Non-Infringement Contentions, both by Wednesday, February 8, 2012. Zydus' response to Plaintiffs' Letter and its

**KELLEY DRYE & WARREN** LLP

January 27, 2012
Page Two

Memorandum in Support of its Motion to Amend its Invalidity and Non-Infringement Contentions will fully detail the factual and legal bases for denying Plaintiffs' the relief they seek, and for granting Zydus' Motion to Amend.

In sum, Zydus began developing the invalidity theory at issue during depositions of the inventors of the Takeda patents-in-suit in late November, 2011, shortly after the Court issued its October 5, 2011 Claim Construction Opinion, and while Zydus' Motion for Reconsideration and Vacatur of that opinion remained *sub judice* (the Court denied Zydus' Motion for Reconsideration and Vacatur by Order dated January 25, 2012). Zydus further developed this theory of invalidity during the preparation of Zydus' expert report, and disclosed it in that very report. Zydus subsequently informed Plaintiffs' counsel of Zydus' intent to move to amend its operative Invalidity and Non-Infringement Contentions to include the theory of invalidity at issue.

Expert discovery is presently scheduled to be completed by February 29, 2012, and the parties have agreed to exchange rebuttal expert reports by February 7, 2012. Zydus is amenable to an extension of both dates to permit the Court sufficient time to address the issues raised in Plaintiffs' Letter and in Zydus' forthcoming response to Plaintiffs' Letter and Motion to Amend Invalidity and Non-Infringement Contentions. Although Zydus does not believe that Plaintiffs have been prejudiced because Plaintiffs will have a full opportunity to address the invalidity theory at issue in their rebuttal expert report and during the deposition of Zydus' expert, a brief extension of existing expert discovery deadlines would alleviate any prejudice that Plaintiffs can plausibly assert, in addition to providing the Court with time to address the outstanding issues.

Likewise, a brief extension of the present expert discovery deadlines would not affect the trial schedule. The parties previously indicated a willingness to forgo summary judgment and proceed to trial in June, 2012. If the parties serve rebuttal expert reports by the end of February, 2012, and complete expert discovery by mid-to-late March, 2012, they will have more than sufficient time to prepare for a June, 2012 trial. Thus, neither party would be prejudiced by a brief extension of the present expert deadlines.

Respectfully submitted,

Vincent P. Rao, II

VPR:cm
cc: Counsel of Record (via ECF and email)