John E. Flaherty
Jonathan M. H. Short
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
T (973) 622-4444
F (973) 624-7070

*Of Counsel:*
Eric J. Lobenfeld
Arlene L. Chow
Dillon Kim
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

RECEIVED
FEB 27 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Philippe Y. Riesen
HOGAN LOVELLS HORITSU
JIMUSHO
Gaikokuho Kyodo Jigyo
15th Floor Daido Seimei
Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku, Tokyo 100-0013 Japan
(81) 3-5157-8200

*Attorneys for all Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB<br><br>[■■■■■■■■] ORDER |

i

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, Takeda Pharmaceuticals America, Inc., and Ethypharm, S.A. (collectively, "Plaintiffs") pursuant to Local Rule 5.3(c) to seal Exhibits A, B and C (D.I. 133) to Plaintiffs' January 27, 2012 letter to the Honorable Tonianne J. Bongiovanni seeking an order to strike Defendants' previously undisclosed invalidity arguments based on prior art in the Expert Report of Paula Meyer-Stout, Ph.D. (the "Subject Material"); and the Court having considered the written submissions of the parties,[1] and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Attorney Confidential", and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. By designating the Subject Material "Attorney Confidential," defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (collectively, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary

1

---

[1] And the Court noting that no objection to this motion was filed;

information, the disclosure of which would destroy the value of Defendants' information and the competitive advantage which attaches thereto. Defendants have a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Plaintiffs cannot include the confidential information in support of their January 27, 2012 letter to the Honorable Tonianne J. Bongiovanni, seeking an order to strike Defendants' previously undisclosed invalidity arguments based on prior art in the Expert Report of Paula Meyer-Stout, Ph.D., without wholly disregarding Defendants' designation. The omission of this confidential information from Plaintiffs' letter would significantly limit Plaintiffs' ability to adequately advocate for their position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Plaintiffs have met their burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

    (a) the Subject Material contains information concerning the business or financial information of Defendants that Defendants have designated "Attorney Confidential";

    (b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

    (c) the omission of the Subject Material from Plaintiffs' letter dated January 27, 2012 letter to the Honorable Tonianne J. Bongiovanni, seeking an order to strike Defendants' previously undisclosed invalidity arguments based on prior art in the Expert Report of Paula Meyer-Stout, Ph.D., would significantly limit Plaintiffs' ability to advocate for their position; and

    (d) there is no less restrictive alternative to the relief sought.

THEREFORE, it is on this 27th day of February, 2012

**ORDERED** that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

**IT IS FURTHER ORDERED** that the Clerk is hereby directed to seal the Subject Material.

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

IT IS FURTHER ORDERED that Defendant shall, within 30 days of the date of this Order, file redacted versions, if possible, of the material sealed by way of this motion which shall be available to the public; and

IT IS FURTHER ORDERED that the Clerk of the Court shall terminate this motion [Docket Entry No. 135] accordingly.