RECEIVED

MAR 1 2 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

John E. Flaherty
Jonathan M. H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
T (973) 622-4444
F (973) 624-7070

*Of Counsel:*
Eric J. Lobenfeld
Arlene L. Chow
Dillon Kim
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

Philippe Y. Riesen
**HOGAN LOVELLS HORITSU JIMUSHO**
Gaikokuho Kyodo Jigyo
15th Floor Daido Seimei
Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku, Tokyo 100-0013 Japan
(81) 3-5157-8200

*Attorneys for all Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB<br><br>████████ ORDER |

i

ME1 13012713v.1

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, and Takeda Pharmaceuticals America, Inc., (collectively, "Takeda") pursuant to Local Rule 5.3(c) to seal the Memorandum in Support of Takeda's Motion for Spoliation Sanctions in the Form of Exclusion of Zydus' Evidence of Particle Size Testing On Pre-Tableted Granules and Exhibits 1-11 to the Declaration of Arlene L. Chow, which were electronically filed on February 21, 2012 (D.I. 146) (collectively, the "Subject Material"); and the Court having considered the written submissions of the parties,[1,2] and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. By designating the Subject Material as "Highly Confidential," defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary

---

[1] and the Court noting that no opposition has been filed

[2] The Court is aware that any interested party seeking to intervene has until 3/19/12, the return date for this motion, to move to do so, and this Order in no way prejudices that right. Consequently, should an interested party timely intervene with respect to Takeda's motion to seal, then this Court shall reexamine its findings at that time.

DB01:2713v.1

information, the disclosure of which would destroy the value of Defendants' information and the competitive advantage which attaches thereto. Defendants have a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Takeda cannot include the confidential information in support of its Motion for Spoliation Sanctions in the Form of Exclusion of Zydus' Evidence of Particle Size Testing On Pre-Tableted Granules, without wholly disregarding Defendants' designation. The omission of this confidential information from Takeda's Motion would significantly limit Takeda's ability to adequately advocate for its position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Takeda has met its burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

    (a) the Subject Material contains information concerning the business or financial information of Defendants that Defendants have designated "Highly Confidential";

    (b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

    (c) the omission of the Subject Material from Takeda's Motion for Spoliation Sanctions in the Form of Exclusion of Zydus' Evidence of Particle Size Testing On Pre-Tableted Granules, would significantly limit Takeda's ability to advocate for its position; and

    (d) there is no less restrictive alternative to the relief sought.

THEREFORE, it is on this 12th day of March, 2012

**ORDERED** that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

**IT IS FURTHER ORDERED** that the Clerk is hereby directed to seal the Subject Material; and

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

IT IS FURTHER ORDERED that Takeda shall, within 20 days of the date of entry of this Order, file redacted versions of the material in question, if possible, which shall be publicly available; and

IT IS FURTHER ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 147] accordingly.