| | |
|---|---|
| John E. Flaherty<br>Jonathan M. H. Short<br>MCCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, New Jersey 07102<br>T (973) 622-4444<br>F (973) 624-7070 | RECEIVED<br>APR 16 2012<br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

| | |
|---|---|
| *Of Counsel*:<br>Eric J. Lobenfeld<br>Arlene L. Chow<br>Dillon Kim<br>HOGAN LOVELLS US LLP<br>875 Third Avenue<br>New York, New York 10022<br>(212) 918-3000 | Philippe Y. Riesen<br>HOGAN LOVELLS HORITSU<br>JIMUSHO<br>Gaikokuho Kyodo Jigyo<br>15th Floor Daido Seimei<br>Kasumigaseki Building<br>1-4-2 Kasumigaseki<br>Chiyoda-ku, Tokyo 100-0013 Japan<br>(81) 3-5157-8200 |
| *Attorneys for all Plaintiffs* | *Attorneys for all Plaintiffs* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB<br><br>[■■■■■■] ORDER |

i

ME1 13012713v.1

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, and Takeda Pharmaceuticals America, Inc., (collectively, "Takeda") pursuant to Local Rule 5.3(c) to seal the Reply Brief in Support of Takeda's Motion for Spoliation Sanctions in the Form of Exclusion of Zydus' Evidence of Particle Size Testing On Pre-Tableted Granules and Exhibits 2-7 to the Declaration of Arlene L. Chow, which were electronically filed on March 12, 2012 (D.I. 160) (collectively, the "Subject Material"); and the Court having considered the written submissions of the parties, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. By designating the Subject Material as "Highly Confidential," defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary

1

information, the disclosure of which would destroy the value of Defendants' information and the competitive advantage which attaches thereto. Defendants have a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Takeda cannot include the confidential information in support of its Reply Brief in Support of Takeda's Motion for Spoliation Sanctions in the Form of Exclusion of Zydus' Evidence of Particle Size Testing On Pre-Tableted Granules, without wholly disregarding Defendants' designation. The omission of this confidential information from Takeda's Motion would significantly limit Takeda's ability to adequately advocate for its position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Takeda has met its burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

    (a) the Subject Material contains information concerning the business or financial information of Defendants that Defendants have designated "Highly Confidential";

    (b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

    (c) the omission of the Subject Material from Takeda's Reply Brief in Support of Takeda's Motion for Spoliation Sanctions in the Form of Exclusion of Zydus' Evidence of Particle Size Testing On Pre-Tableted Granules, would significantly limit Takeda's ability to advocate for its position; and

    (d) there is no less restrictive alternative to the relief sought.

    **THEREFORE,** it is on this \_16th\_ day of \_\_April\_\_, 2012

    **ORDERED** that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

    **IT IS FURTHER ORDERED** that the Clerk is hereby directed to seal the Subject Material; and

    */s/ Tonianne J. Bongiovanni*
    Hon. Tonianne J. Bongiovanni, U.S.M.J.

    IT IS FURTHER ORDERED that Plaintiff Takeda shall, within 20 days of the date of this Order, file on the docket redacted versions of the material sealed by way of this motion, if possible, which shall be publicly available; and

    IT IS FURTHER ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 162] accordingly.

ME1 13012713v.1