Joseph A. Boyle
Vincent P. Rao
Steven J. Moore (*Pro Hac Vice*)
James M. Moriarty (*Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900
*Attorneys for Defendant*
*Zydus Pharmaceuticals USA, Inc. and*
*Cadila Healthcare Limited*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>    Plaintiffs,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS USA INC. and CADILA HEALTHCARE LIMITED,<br><br>    Defendants. | CIVIL ACTION NO:<br>3:10-CV-01723-JAP-TJB |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO SEAL MATERIALS PURSUANT TO LOCAL RULE 5.3(c)(2)**

# Table of Contents

<u>**Page**</u>

PRELIMINARY STATEMENT ................................................................................ 1
ARGUMENT ............................................................................................................ 3
I.   STANDARDS FOR FILING UNDER SEAL ................................................ 3
II.  A LEGITIMATE INTEREST IN THE INFORMATION SOUGHT
     TO BE SEALED MUST EXIST, AND ABSENT FILING UNDER
     SEAL, SERIOUS INJURY COULD OCCUR ............................................... 3
III. THE RELIEF SOUGHT IS NARROWLY TAILORED
     AND NO LESS RESTRICTIVE MEANS EXIST TO
     PROTECT THE INFORMATION AT ISSUE .............................................. 5
CONCLUSION ......................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Adobe Systems, Inc. Securities Litig.*,
  141 F.R.D. 155 (N.D. Cal. 1992) ................................................................................5

*In re Cendant Corp.*,
  260 F.3d 183 (3d Cir. 2001) .......................................................................................3

*Nixon v. Warner Commc'ns.*,
  435 U.S. 589 (1978) ...................................................................................................3

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994) .........................................................................................3

## PRELIMINARY STATEMENT

By the accompanying Motion to Seal, Defendants Zydus Pharmaceuticals, USA, Inc. and Cadila Healthcare, Limited (collectively "Zydus"), seek an Order permitting them to file under seal their Memorandum of Law in Support of Motion for Reconsideration of Order Denying-in-Part Leave to Amend Preliminary Invalidity and Non-infringement Contentions ("Memorandum of Law") and the Supporting Declaration of Vincent P. Rao ("Rao Decl."), (the Memorandum of Law and Rao Decl. are collectively referred to herein as the "Zydus Filing").

The Rao Declaration includes five exhibits consisting of the March 22, 1993 Patent Application filed by Gerard Cousin (Rao Decl., Ex. A), a slide from Zydus' presentation made during the May 26, 2011 *Markman* hearing (Rao Decl., Ex. B), deposition testimony of Zydus' designated corporate representative Dr. Brij Khera (Rao Decl., Ex. C), an excerpt of Zydus' January 17, 2011 Expert Report of Paula Jo Meyer-Stout, Ph.D (Rao Decl., Ex. D), and a copy of *In re Roger Youman and Marney Morris*, Civ. No. 2011-1136, 2012 WL 1598089 (Fed. Cir. May 8, 2012) (Rao Decl., Ex. E).[1]  The Memorandum of Law includes quotations and excerpts from the above described exhibits, as well as additional

---

[1] Zydus does not seek to file the March 22, 1993 Patent Application filed by Gerard Cousin (Rao Decl., Ex.A) or the *In re Roger Youman* decision (Rao Decl., Ex. E) under seal because both are publicly available documents.

proprietary information concerning Zydus' proposed Second Amended Invalidity and Non-Infringement Contentions and its ANDA product at issue.

The deposition testimony of Dr. Brij Khera and the Expert Report of Paula Jo Meyer-Stout, Ph.D have each been designated as "Highly Confidential Outside Counsel's Eye Only" pursuant to the terms of an August 28, 2010 Stipulated Protective Order, (Docket No. 46), governing the production and treatment of confidential and highly confidential material in this case. Zydus believes it is compelled to file each document under seal. The slides from Zydus' *Markman* presentation include information regarding Zydus' litigation theories and strategies, and have not been shared with any non-parties to this litigation or otherwise made publicly available. Lastly, Zydus' Memorandum of Law discusses Zydus' proposed Second Amended Invalidity and Non-Infringement Contentions, as well as Zydus' ANDA product and business methodologies.

The materials Zydus seeks to file under seal are limited in scope and includes only materials that have either been designated as "Highly Confidential Outside Counsel's Eye Only"or materials that contain highly sensitive, confidential information and would not otherwise be required to be filed with the Court or made available to the public. Accordingly, Zydus' Motion should be granted.

# ARGUMENT

## I. STANDARDS FOR FILING UNDER SEAL

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978). Rather, the Court may enter an order sealing judicial records if it is satisfied that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The Court has discretion to "evaluate the competing considerations in light of the facts of individual cases." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994).

Pursuant to New Jersey District Court Local Rule 5.3(c)(2), the Court should order a record sealed if, given the nature of the materials at issue:

(a) legitimate private interests warrant the relief sought;

(b) serious injury will result if the record is not sealed; and

(c) no less restrictive means exist to achieve the overriding interest.

In the present case, each of these factors favor granting Zydus the relief it seeks by its Motion to Seal.

## II. A LEGITIMATE INTEREST IN THE INFORMATION SOUGHT TO BE SEALED MUST EXIST, AND ABSENT FILING UNDER SEAL, SERIOUS INJURY COULD OCCUR

The deposition testimony of Dr. Brij Khera and the Expert Report of Paula Jo Meyer-Stout, Ph.D, have each been designated as "Highly Confidential

Outside Counsel's Eye Only" because they contain proprietary and confidential information, including information regarding Zydus' ANDA product. As set forth in the Stipulated Protective Order, only certain categories of information may be designated as Confidential, and only certain sub-categories of Confidential information may be further designated as "Highly Confidential - Outside Counsel's Eyes Only." The heightened confidentiality designation was made to protect information contained within the designated materials from disclosure both to the general public and to competitors, and to permit Zydus to avoid the significant injury that is likely to occur if the information is generally disclosed.

The slide excerpted from Zydus' *Markman* presentation also includes information which is confidential and proprietary to Zydus, including information regarding Zydus' litigation theories and strategies. Accordingly, Zydus' *Markman* presentation has not been shared with any non-parties to this litigation or otherwise made publicly available.

The Memorandum of Law contains quotations and excerpts from Dr. Brij Khera's deposition testimony and Zydus's Expert Report, and discusses Zydus' proposed Second Amended Invalidity and Non-Infringement Contentions (including the theories underlying the Amended Contentions) and Zydus' ANDA product. It is highly likely that Zydus will be significantly injured if Zydus' Memorandum of Law is disclosed and made available to, *inter alia*, competitors.

-4-

Because there is a legitimate, protectable interest, Zydus' motion to seal should be granted.

## III. THE RELIEF SOUGHT IS NARROWLY TAILORED AND NO LESS RESTRICTIVE MEANS EXIST TO PROTECT THE INFORMATION AT ISSUE

The material Zydus seeks to seal is narrow and limited. It contains only excerpts of materials which have been designated as Highly Confidential, along with the Memorandum of Law which details the contents of those documents, and/or discusses Zydus' confidential and proprietary information. Each of these documents contains information that is highly sensitive, as evidenced by the heightened confidentiality designation, and Zydus, and/or Plaintiffs, as the case may be, would be substantially harmed by the release of such information.

No less restrictive means exist to safeguard the protectable interest described above. Once the confidential information is disclosed to the public, the injury to the parties occurs. *See In re Adobe Systems, Inc. Securities Litig.*, 141 F.R.D. 155, 161 (N.D. Cal. 1992) (recognizing that release of non-public data could inflict serious competitive injury on a business). The only way to ensure that this injury is not inflicted is to seal these documents.

-6-

## CONCLUSION

For the foregoing reasons, Zydus respectfully requests that its Motion to Seal be granted in all respects.

Dated: June 19, 2012

                                        KELLEY DRYE & WARREN LLP

                                        By: /s/ Vincent P. Rao II
                                            Joseph A. Boyle
                                            Vincent P. Rao II
                                            Steven J. Moore (*Pro Hac Vice*)
                                            James M. Moriarty (*Pro Hac Vice*)
                                            200 Kimball Drive
                                            Parsippany, New Jersey 07054
                                            (973) 503-5900
                                            *Attorneys for Defendants*
                                            *Zydus Pharmaceuticals USA, Inc. and*
                                            *Cadila Healthcare Limited*