Joseph A. Boyle
Vincent P. Rao
Steven J. Moore (*Pro Hac Vice*)
James M. Moriarty (*Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900
*Attorneys for Defendant*
*Zydus Pharmaceuticals USA, Inc. and*
*Cadila Healthcare, Limited*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>                    Plaintiffs,<br>v.<br><br>ZYDUS PHARMACEUTICALS USA INC. and CADILA HEALTHCARE LIMITED,<br><br>                    Defendants. | CIVIL ACTION NO:<br>3:10-CV-01723-JAP-TJB<br><br>Returnable: October 15, 2012<br><br>**Oral Argument Requested**<br><br>**NOTICE OF MOTION ON CONSENT TO SEAL AUGUST 20, 2012 MEMORANDUM OPINION AND TO FILE REDACTED COPY ON THE PUBLIC DOCKET** |

To:    Attached Service List

**PLEASE TAKE NOTICE** that on October 15, 2012, at 9:00 a.m., or as soon thereafter as counsel may be heard, counsel for defendants Zydus Pharmaceuticals, USA, Inc. and Cadila Healthcare, Limited (collectively "Zydus"),

shall move, through its attorneys Kelley Drye & Warren LLP and with the consent of counsel for Plaintiffs, before the Hon. Tonianne J. Bongiovanni, for an Order sealing the Court's August 20, 2012 Memorandum Opinion denying Plaintiffs Motion for Reconsideration, and further granting Zydus leave to file a redacted copy of the Memorandum Opinion, in the form attached hereto as Exhibit A, on the public docket.

**PLEASE FURTHER TAKE NOTICE** that in support of this motion, Zydus shall rely upon Defendants' Memorandum In Support Of Defendants' Motion for an Order Sealing Memorandum Opinion.

**PLEASE FURTHER TAKE NOTICE** that a proposed form of Order is submitted herewith in accordance with L. Civ. R. 7.1(e).

Dated:  September 21, 2012				KELLEY DRYE & WARREN LLP

By: /s/ Vincent P. Rao
Joseph A. Boyle
Vincent P. Rao II
Steven J. Moore (Pro Hac Vice)
James M. Moriarty (Pro Hac Vice)
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900
*Attorneys for Defendants*
*Zydus Pharmaceuticals USA, Inc. and Cadila Healthcare Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012 I caused to be served a copy of the foregoing Defendants Zydus Pharmaceuticals, USA, Inc. and Cadila Healthcare's Notice of Motion for leave to seal the Court's August 20, 2012 Memorandum Opinion denying Plaintiffs Motion for Reconsideration, and further granting Zydus leave to file a redacted copy of the Memorandum Opinion together with the Memorandum of Law and a Proposed Order on each interested party in this action in accordance with the electronic filing procedures of the United States District Court for the District of New Jersey and via ECF on the following.

Jonathan M. H. Short
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Eric J. Lobenfeld
Arlene L. Chow
Dillon Kim
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022

Paul A. Ragusa
Lisa Kole
**BAKER BOTTS LLP**
30 Rockefeller Plaza
New York, New York 10112

Philippe Y. Riesen
**HOGAN LOVELLS HORITSU JIMUSHO**
Gaikokuho Kyodo Jigyo
15th Floor Daido Seimei
Kasumigaseki Building
1-4-2 Kasumigaseki
Chiyoda-ku
Tokyo 100-0013, Japan

Dated: September 21, 2012

                        *s/Vincent P. Rao II*
                         Vincent P. Rao II

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHRMACEUTICAL COMPANY LIMITED, et al., <br><br>Plaintiff,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS INC., et al.,<br><br>Defendant. | Civil Action No. 10-1723 (JAP)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge,**

Presently before the Court is Defendant Zydus Pharmaceuticals USA, Inc.'s ("Zydus") motion for reconsideration [Docket Entry No. 196] of the Court's Order and Opinion dated June 11, 2012 [Docket Entry No. 191 & 192], which granted in part and denied in part Zydus' motion to amend its Non-Infringement Contentions. Plaintiff Takeda Pharmaceutical Company Limited ("Takeda") opposes Zydus' motion for reconsideration. The Court has reviewed all arguments raised in support of and in opposition to Zydus' motion for reconsideration and considers same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons stated more fully below, Zydus' motion for reconsideration DENIED.

**I.   Background**

The Court and the parties are very familiar with the facts underlying this matter. As such, the Court shall neither restate the facts of this case nor repeat the arguments made in support of and in opposition to Zydus' motion at length.

This is a patent infringement case dealing with United States Patent Nos. 5,464,632 (the

"'632 patent"), 6,328,994 (the "'994 patent") and 7,431,942 (the "'942 patent") and 7,875,292 (the "'292 patent") (collectively, the "patents-in-suit").[1] The patents in suit cover Takeda's Orally Disintegrating Tablet ("ODT") formulation of the anti-ulcer drug, Prevacid®.

Zydus filed an Abbreviated New Drug Application ("ANDA") with the FDA seeking approval to commercially market a generic lansoprazole ODT product (Zydus' "ANDA product"). Takeda claims that Zydus' ANDA product infringes upon all of the patents-in-suit and commenced this action on April 5, 2010 [Docket Entry No. 1].[2]

Zydus served its Non-Infringement and Invalidity Contentions on August 16, 2010. On December 3, 2010, Zydus served Amended Non-Infringement and Invalidity Contentions with the consent of Takeda and upon leave of the Court. A *Markman* hearing was held on May 26, 2011 and the Court issued its claim construction opinion on October 5, 2011 ("*Markman* Opinion") [Docket Entry No. 113]. Zydus' Motion for Reconsideration of the Court's ruling on claim construction was denied on January 25, 2012 [Docket Entry No. 130]. Fact discovery in this matter closed in December 2011 and expert discovery is ongoing. Zydus' Motion to Amend its Non-Infringement Contentions was granted in part and denied in part per the Court's Order and Opinion on June 11, 2012. Zydus now brings this motion seeking reconsideration of that decision. The parties are also preparing for trial, which is currently scheduled for November 5, 2012.

---

[1] The patents in suit are owned by Takeda with the exception of the '632 patent, which is licensed to Takeda by Ethypharm.

[2] The Original Complaint pertained only to the '994, '942 and '632 patents. The '292 patent, which is a continuation of the '994 and '942 patents, was added in Takeda's First Amended Complaint on July 26, 2011 [Docket Entry No. 98] by consent of the parties.

2

## II. Arguments

### A. Zydus' Position

Zydus moves for reconsideration and vacatur of the Court's denial of Zydus' Motion to Amend its contentions related to [REDACTED]

As further grounds warranting reconsideration, Zydus argues that the Court made a manifest error of fact when it based its ruling on the erroneous belief that the Court previously adopted Zydus' construction of the phrase "to achieve in less than 60 seconds a suspension easy to swallow." Zydus clarifies that the Court did not adopt either party's construction for the phrase.

3

[REDACTED]

**B. Takeda's Position**

Takeda asserts that Zydus' motion is an attempt to re-argue the amendments which were previously denied by the Court. In addition, Takeda contends that Zydus has failed to establish any legal or factual justification which would warrant reconsideration.

[REDACTED]

4

REDACTED

Takeda also points out that Zydus waited five weeks before raising this issue with the Court.

REDACTED

Takeda states that this, alone, is grounds upon which the Court should deny Zydus' request for reconsideration and Takeda cites *Amersham Biosciences* in support of this position. *Amersham Biosciences Corp. v. PerkinElmer, Inc.*, Civil Action No. 03-4901, 2006 WL 3485918 (D.N.J. Nov. 30, 2006).

Finally, Takeda contends that there is no manifest error of fact as asserted by Zydus which would warrant reconsideration of the Court's Order. *Takeda's Opposition* at *8. Takeda first notes that it believes that the claim construction of the phrase "to achieve in less than 60 seconds a suspension easy to swallow" REDACTED. Takeda explains that the original claim referred to the <u>location</u> of disintegration whereas the parties' dispute regarding claim construction related to the <u>timing</u> of the disintegration. In addition to the relevance argument, Takeda asserts that the record "amply supports the Court's determination that 'the Court adopted Zydus' proposed construction by determining that no construction of the term... was necessary'." *Takeda's Opposition* at *9 (quoting *June 11, 2012 Opinion Granting in Part and Denying in Part Zydus' Motion to Amend*, Docket Entry No. 191 at *22.). Moreover, Takeda states that the Court cited other, independent grounds for denial, namely timeliness and prejudice to Takeda, and Takeda asserts that Zydus has not contested these findings.

REDACTED

Takeda asserts that Zydus has not raised any new arguments which would warrant

5

REDACTED

## II. Analysis

### A. Motion for Reconsideration

In this district, motions for reconsideration are governed by L.Civ.R. 7.1(i) and are considered "extremely limited procedural vehicle(s)." *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992). As a result, "reconsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. Civ. 03-3988 (WJM), 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org. v. Honeywell Int'l, Inc.*, 215 F.Supp.2d 482, 507 (D.N.J. 2002). As such, a party seeking reconsideration bears a high burden and must demonstrate one of the following three grounds to establish that reconsideration is appropriate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Zydus seeks reconsideration of the Court's denial of Zydus' motion to amend its contentions related to REDACTED . The Court will discuss each request for reconsideration in turn. REDACTED



7

REDACTED

REDACTED

REDACTED

REDACTED

### 2. Manifest Error of Fact

Zydus also asserts that this Court made a manifest error of fact in finding that the Court adopted Zydus' proposed construction of the term "to achieve in less than 60 seconds a suspension easy to swallow" in Its *Markman* Opinion. This Court acknowledges that the *Markman* Opinion did not adopt the entirety of the claim construction suggested by Zydus; namely the Court did not conclude that "the absolute time to achieve a suspension easy to swallow is precisely less than 60 seconds." *Revised Joint Claim Construction and Pre-Hearing Statement*, Docket Entry No. 94 at

Case 3:10-cv-01723-JAP-TJB   Document 228   Filed 09/21/12   Page 15 of 17 PageID: 5195
Case 3:10-cv-01723-JAP-TJB   Document 223 *SEALED*   Filed 08/20/12   Page 11 of 13
PageID: 5054

*23. However, the Court did agree with Zydus that "[t]he claim limitation should be considered to have its plain meaning and does not require construction," which is specifically what Zydus proposed. *Id.*; *see also Markman Opinion*, Docket Entry No. 113 at *17. In its brief, Zydus asserts that it "consistently argue[d] that the term required construction[.]" *Zydus' Brief in Support of Motion for Reconsideration*, Docket Entry No. 195-1 at *14. It is unclear to the Court how Zydus can make this argument when its Proposed Claim Construction Statement specifically proposes a plain meaning which does not require construction. *Revised Joint Claim Construction and Pre-Hearing Statement*, Docket Entry No. 94 at *23. Zydus suggests that its Claim Construction Statement "could have been more artfully drafted" and, indeed, that may be so if Zydus truly intended the Court to adopt a specific construction rather than use the plain meaning. *Zydus' Brief* at *14. Regardless, Zydus' failure to articulate its position regarding construction of the term is of no moment to the Court at this time. Even if this Court concedes that the *Markman* Opinion did not *adopt* Zydus' proposed construction, given the language of Zydus' Proposed Claim Construction Statement this Court cannot find that the Court's claim construction is *different* from that proposed by Zydus. Thus, good cause does not exist for amendment under L. PAT. R. 3.7(a) and this Court's conclusion that the Court adopted Zydus' proposed construction does not constitute manifest error which warrants reconsideration.

[REDACTED]

Zydus also seeks reconsideration of the Court's Order denying Zydus' Motion to Amend the [REDACTED] Zydus cites prevention of manifest injustice as the basis for the Court's reconsideration of this aspect of Its Order.

11

However, Zydus presents the same arguments in support of the instant motion as it did in support of its Motion to Amend. Thus, there are no arguments currently before the Court which it has not already considered. "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002). As such, there is nothing before the Court which warrants reconsideration of the Court's denial of Zydus's request to amend [REDACTED]. Nevertheless, the Court will consider the merits of Zydus' request for reconsideration to prevent manifest injustice.

The Court finds that there will be no manifest injustice to Zydus if the Court's denial of Zydus' request to amend the [REDACTED] is not reconsidered. [REDACTED]

Given that [REDACTED] this is an issue which can be argued before a trier of fact at trial, the Court cannot find that there exists any manifest injustice which warrants reconsideration of the Court's Order.

12

## III. Conclusion

For the reasons set forth above, Zydus' Motion for Reconsideration of the Court's June 11, 2012 Order is DENIED. An appropriate Order follows.

Dated: August 20, 2012

s/ Tonianne J. Bongiovanni  
**TONIANNE J. BONGIOVANNI**  
**UNITED STATES MAGISTRATE JUDGE**