Joseph A. Boyle
Vincent P. Rao
Steven J. Moore (*Pro Hac Vice*)
James M. Moriarty (*Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054
(973) 503-5900
*Attorneys for Defendant*
*Zydus Pharmaceuticals USA, Inc. and*
*Cadila Healthcare Limited*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A., | CIVIL ACTION NO: 3:10-CV-01723-JAP-TJB |
| Plaintiffs, | |
| v. | |
| ZYDUS PHARMACEUTICALS USA INC. and CADILA HEALTHCARE LIMITED, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION ON CONSENT TO SEAL AUGUST 20, 2012 MEMORANDUM OPINION AND TO FILE REDACTED COPY ON THE PUBLIC DOCKET

# **CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ................................................................................................................... 1

I.  STANDARDS FOR FILING UNDER SEAL ....................................................... 1

II.  A LEGITIMATE INTEREST IN THE INFORMATION SOUGHT TO BE
SEALED MUST EXIST, AND ABSENT FILING UNDER SEAL, SERIOUS
INJURY COULD OCCUR .................................................................................... 2

III.  THE RELIEF SOUGHT IS NARROWLY TAILORED AND NO LESS
RESTRICTIVE MEANS EXIST TO PROTECT THE INFORMATION AT
ISSUE ................................................................................................................... 3

CONCLUSION ................................................................................................................ 4

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Adobe Systems; Inc. Securities Litigation,*
   141 F.R.D. 155 (N.D. Cal. 1992)................................................................3

*In re Cendant Corp.,*
   260 F.3d 183 (3d Cir. 2001)......................................................................1

*Nixon v. Warner Commc'ns.,*
   435 U.S. 589 (1978)..................................................................................1

*Pansy v. Borough of Stroudsburg,*
   23 F.3d 772 (3d Cir. 1994)........................................................................2

OTHER AUTHORITIES

Local Rule 5.3(c)(2)......................................................................................2

## PRELIMINARY STATEMENT

Defendants Zydus Pharmaceuticals, USA, Inc. and Cadila Healthcare, Limited (collectively "Zydus") seek an Order sealing the Court's August 20, 2012 Memorandum Opinion denying Plaintiffs' Motion for Reconsideration, and further granting Zydus leave to file a redacted copy of the Memorandum Opinion on the public docket.  The Memorandum Opinion discusses or makes reference to Zydus' theories of non-infringement of the patents-in-suit, and further discusses certain of the evidence that may be offered to support or rebut Zydus' non-infringement theories, all of which has been designated as "Highly Confidential-Outside Counsel's Eyes Only."   Zydus thus seeks an Order sealing the Memorandum Opinion and permitting the filing of a redacted copy which removes references to "Highly Confidential-Outside Counsel's Eyes Only" material and/or material that contains highly sensitive, confidential information that would not otherwise be required to be filed with the Court or made available to the public.

## ARGUMENT

## I.      STANDARDS FOR FILING UNDER SEAL

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 598 (1978).  Rather, the Court may enter an order sealing judicial records if it is satisfied that "the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure."  *In re Cendant Corp.*, 260

F.3d 183, 194 (3d Cir. 2001).  The Court has discretion to "evaluate the competing considerations in light of the facts of individual cases."  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994).

Pursuant to New Jersey District Court Local Rule 5.3(c)(2), the Court should order a record sealed if, given the nature of the materials at issue:

(a) legitimate private interests warrant the relief sought;

(b) serious injury will result if the record is not sealed; and

(c) no less restrictive means exist to achieve the overriding interest.

In the present case, each of these factors favor granting Zydus the relief it seeks.

## II.   A LEGITIMATE INTEREST IN THE INFORMATION SOUGHT TO BE SEALED MUST EXIST, AND ABSENT FILING UNDER SEAL, SERIOUS INJURY COULD OCCUR

Zydus' motion for reconsideration included a supporting memorandum and accompanying exhibits.  All of the materials filed in support of plaintiffs' motion for reconsideration were filed under seal, as was Zydus' reply in further support of its motion.  The Court's Memorandum Opinion discusses, directly or indirectly, some of the "highly confidential" information contained in the various motion filings, including Zydus' theories of non-infringement and the basis for those theories.  Zydus has a legitimate interest in ensuring that its theories of non-infringement, which are based upon its product formulation, as well as

information related to its non-public filings with the U.S. Food and Drug Administration, are not disclosed to the public or, more particularly, to its competitors. Thus, Zydus will be significantly injured if the Memorandum Opinion is not sealed and Zydus' motion should be granted.

## III. THE RELIEF SOUGHT IS NARROWLY TAILORED AND NO LESS RESTRICTIVE MEANS EXIST TO PROTECT THE INFORMATION AT ISSUE

The relief Zydus seeks is narrow and limited. Zydus does not seek an Order sealing the entire Memorandum Opinion. Zydus only seeks to redact references to materials that have been designated Highly Confidential, or materials that include Zydus' highly sensitive information related to its business methodologies and the ANDA product at issue.

No less restrictive means exist to safeguard the protectable interest described above. Once the confidential information is disclosed to the public, the injury to the parties occurs. *See In re Adobe Sys., Inc. Securities Litig.*, 141 F.R.D. 155, 161 (N.D. Cal. 1992) (recognizing that release of non-public data could inflict serious competitive injury on a business). The only way to ensure that this injury is not inflicted is to grant Zydus the relief it seeks.

## CONCLUSION

For the foregoing reasons, Zydus respectfully requests that its Motion to be granted in all respects.

Dated:  September 21, 2012          KELLEY DRYE & WARREN LLP

By: /s/ Vincent P. Rao II
    Joseph A. Boyle
    Vincent P. Rao II
    Steven J. Moore (*Pro Hac Vice*)
    James M. Moriarty (*Pro Hac Vice*)
    200 Kimball Drive
    Parsippany, New Jersey 07054
    (973) 503-5900
    *Attorneys for Defendants*
    *Zydus Pharmaceuticals USA, Inc. and*
    *Cadila Healthcare Limited*