Case 3:10-cv-01723-JAP-TJB   Document 238-3   Filed 10/02/12   Page 1 of 3 PageID: 5463

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A., <br><br>Plaintiffs and Counterclaim-Defendants, <br><br>v. <br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED, <br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB <br><br> [PROPOSED] ORDER <br><br> RECEIVED <br> OCT 24 2012 <br> AT 8:30____M <br> WILLIAM T. WALSH <br> CLERK |

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, and Takeda Pharmaceuticals America, Inc., (collectively, "Takeda") pursuant to Local Rule 5.3(c) to seal the following documents, which were electronically filed on September 28, 2012 (collectively, the "Subject Material"):

A. Memorandum of Law in Support of Plaintiffs' Motion *in Limine* to Preclude Evidence of Zydus' New Particle Size Testing of Newly-Manufactured Granules (D.I. 232);

B. Exhibits 1 – 7 to the Declaration of Arlene L. Chow in support of same (D.I. 232);

C. Memorandum of Law in Support of Plaintiffs' Motion *in Limine* to Preclude Expert Testimony on Invalidity Portions of the Rebuttal Expert Report by Dr. Harry Brittain (D.I. 234); and

    D. Exhibits A and B to the Declaration of Arlene L. Chow in support of same (D.I. 234).

And the Court having considered the written submissions of the parties, *and no opposition having been filed* and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

    1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

    2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

    3. By designating the Subject Material as "Highly Confidential," defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary information, the disclosure of which would destroy the value of Defendants' information and the competitive advantage which attaches thereto. Defendants have a legitimate interest in the continued confidentiality of this information.

    4. Absent an order sealing the Subject Material, Takeda cannot include the confidential information in support of its Motions *In Limine* without wholly disregarding

Defendants' designation. The omission of this confidential information from Takeda's motions would significantly limit Takeda's ability to adequately advocate for its position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Takeda has met its burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

    (a) the Subject Material contains information concerning the business or financial information of Defendants that Defendants have designated "Highly Confidential";

    (b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

    (c) the omission of the Subject Material from Takeda's Motions *In Limine*, would significantly limit Takeda's ability to advocate for its position; and

    (d) there is no less restrictive alternative to the relief sought.

**THEREFORE**, it is on this 24 day of October, 2012

**ORDERED** that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

**IT IS FURTHER ORDERED** that the Clerk is hereby directed to seal the Subject Material.

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

It is further ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 238], accordingly.

[1] The Court is aware that any interested person has until November 5, 2012 to move to intervene with respect to this Motion to Seal. This Order in no way prejudices that right. Should an interested person timely move to intervene, the Court shall reexamine its findings at that time.

ME1 13012713v.1