# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB<br><br>~~[PROPOSED]~~ ORDER<br><br>RECEIVED<br>NOV 0 8 2012<br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, Takeda Pharmaceuticals America, Inc., and Ethypharm, S.A., (collectively, "Plaintiffs") pursuant to Local Rule 5.3(c) to seal the Letter from John E. Flaherty to the Hon. Joel A. Pisano, U.S.D.J, and Exhibit 1 filed on October 18, 2012 (D.I. 259) (collectively, the "Subject Material").

And the Court having considered the written submissions of the parties, *and no opposition* and having *having been filed* determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1.  This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

Case 3:10-cv-01723-JAP-TJB   Document 262-3   Filed 10/19/12   Page 2 of 3 PageID: 5932

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. By designating the Subject Material as "Highly Confidential – Outside Counsel's Eyes Only," defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary information, the disclosure of which would destroy the value of Defendants' information and the competitive advantage which attaches thereto. Defendants have a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Plaintiffs cannot include the confidential information in support of their letter without wholly disregarding Defendants' designation. The omission of this confidential information from Plaintiffs' letters would significantly limit Plaintiffs' ability to adequately advocate for their position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Plaintiffs have met their burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

    (a) the Subject Material contains information concerning the business or financial information of Defendants that Defendants have designated "Highly Confidential – Outside Counsel's Eyes Only";

ME1 13012713v.1

(b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

(c) the omission of the Subject Material from Plaintiffs' letter would significantly limit Plaintiffs' ability to advocate for their position; and

(d) there is no less restrictive alternative to the relief sought.

**THEREFORE**, it is on this 8th day of November, 2012

**ORDERED** that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

**IT IS FURTHER ORDERED** that the Clerk is hereby directed to seal the Subject Material.[1]

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

It is further ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 262], accordingly.

---

[1] The Court is aware that any interested person has until November 19, 2012 to move to intervene with respect to this Motion to Seal. This Order in no way prejudices that right. Should an interested person timely intervene, the Court shall reexamine its findings at that time.