IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED,<br><br>Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB<br><br>[PROPOSED] ORDER<br><br>RECEIVED<br><br>NOV 0 8 2012<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, and Takeda Pharmaceuticals America, Inc., (collectively, "Takeda") pursuant to Local Rule 5.3(c) to seal the following documents (collectively, the "Subject Material"):

    A. Letter from John E. Flaherty to the Hon. Joel A. Pisano, U.S.D.J, filed on October 9, 2012 (D.I. 240);

    B. Letter from John E. Flaherty to the Hon. Joel A. Pisano, U.S.D.J., filed on October 12, 2012 (D.I. 255);

    C. Exhibits A and B to the October 12, 2012 Letter from John E. Flaherty to the Hon. Joel A. Pisano, U.S.D.J. (D.I. 255).

And the Court having considered the written submissions of the parties, and having *and no opposition having been filed* determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. By designating the Subject Material as "Highly Confidential – Outside Counsel's Eyes Only," defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary information, the disclosure of which would destroy the value of Defendants' information and the competitive advantage which attaches thereto. Defendants have a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Takeda cannot include the confidential information in support of its letters without wholly disregarding Defendants' designation. The omission of this confidential information from Takeda's letters would significantly limit Takeda's ability to adequately advocate for its position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Takeda has met its burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

(a) the Subject Material contains information concerning the business or financial information of Defendants that Defendants have designated "Highly Confidential – Outside Counsel's Eyes Only";

(b) the parties have a legitimate interest in maintaining the confidentiality of the Subject Material;

(c) the omission of the Subject Material from Takeda's letters would significantly limit Takeda's ability to advocate for its position; and

(d) there is no less restrictive alternative to the relief sought.

THEREFORE, it is on this 8th day of November, 2012

ORDERED that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

IT IS FURTHER ORDERED that the Clerk is hereby directed to seal the Subject Material.[1]

It is further ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 258], accordingly.

_____
Hon. Tonianne J. Bongiovanni, U.S.M.J.

[1] The Court is aware that any interested person has until November 19, 2012 to move to intervene with respect to this Motion to Seal. This Order in no way prejudices that right. Should an interested person timely move to intervene, the Court shall reexamine its findings at that time.

3