# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS AMERICA, INC., and ETHYPHARM, S.A., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED, <br><br> Defendants and Counterclaim-Plaintiffs. | Civil Action No. 3:10-CV-01723-JAP-TJB <br><br> [PROPOSED] ORDER TO SEAL |

THIS MATTER having come before the Court upon the motion of Plaintiffs-Counterclaim-Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals North America, Inc., Takeda Pharmaceuticals LLC, Takeda Pharmaceuticals America, Inc., and Ethypharm, S.A., (collectively, "Plaintiffs") pursuant to Local Rule 5.3(c), and pursuant to the Order to Seal entered on April 4, 2013 (D.I. 332), to seal the following documents:

1) Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion *in Limine* and Exhibits 1–4, and 6 to the Declaration of Arlene L. Chow [D.E. 289];

2) Plaintiffs' Opposition to Defendants' Motion *in Limine* and Exhibits 4–6, 8–9, and 12–16 to the Declaration of Arlene L. Chow [D.E. 303]; and

3) Plaintiffs' Opposition to Defendants' Motion *in Limine* and Exhibits 1-9, 13–17, and 19–21 to the Declaration of Arlene L. Chow [D.E. 308].

RECEIVED

APR 3 0 2013

AT 8:30_____M
WILLIAM T WALSH CLERK

(collectively, the "Subject Material"). And the Court having considered the written submissions of the parties, and having determined that this action involves allegations requiring the disclosure of confidential and proprietary information, and the Court being satisfied of the following:

1. This is a complex patent case requiring discovery of highly sensitive competitive materials, including business, trade-secret or proprietary information. The parties to this case and third parties have produced confidential information in discovery, the public disclosure of which could affect legitimate business interests.

2. To protect the confidentiality of this information, the parties agreed to a Stipulated Protective Order, entered in this litigation on August 26, 2010 (D.I. 46, the "Order"). The Order allows the parties or third parties to designate information as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only," and provides that a party wishing to use materials so designated in a submission filed with the Court must move pursuant to Local Rule 5.3 for leave to file the submission under seal. (Order ¶¶ 2 and 17).

3. By designating the Subject Material as "Highly Confidential – Outside Counsel's Eyes Only," Plaintiffs and defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Defendants") have represented that the Subject Material includes sensitive business, financial or other proprietary, non-public information, the disclosure of which would destroy the value of the parties' information and the competitive advantage which attaches thereto. Plaintiffs and Defendants have a legitimate interest in the continued confidentiality of this information.

4. Absent an order sealing the Subject Material, Plaintiffs cannot include the confidential information in support of their motions *in limine* and in opposition to Defendants' motions *in limine* without wholly disregarding Defendants' designation. The omission of this

confidential information from Plaintiffs' motions and oppositions would significantly limit Plaintiffs' ability to adequately advocate for their position.

5. Upon consideration of the papers submitted in support of the motion, and the material sought to be sealed, the Court concludes that Plaintiffs have met their burden under Local Civil Rule 5.3(c) and applicable case law, and that this material should be sealed.

6. Specifically, the Court concludes that:

(a) the Subject Material contains information concerning the business or financial information of the Defendants which the Defendants have designated "Highly Confidential – Outside Counsel's Eyes Only";

(b) Defendants have a legitimate interest in maintaining the confidentiality of the Subject Material;

(c) the omission of the Subject Material from Plaintiffs' motions *in limine* and in opposition to Defendants motions *in limine* would significantly limit Plaintiffs' ability to advocate for their position; and

(d) there is no less restrictive alternative to the relief sought.

THEREFORE, it is on this 26 day of April, 2013

ORDERED that this Motion to Seal, pursuant to Local Rule 5.3 is hereby granted; and

IT IS FURTHER ORDERED that the Clerk is hereby directed to seal the Subject Material.

Hon. Tonianne J. Bongiovanni, U.S.M.J.